
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 18 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDDIE HUGHES | CIVIL ACTION NO. 04-0950 |
| versus | JUDGE WALTER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Eddie Hughes ("Plaintiff") applied for social security benefits and, after his claim was denied at the initial stages, he obtained a hearing before an Administrative Law Judge ("ALJ"). She denied the claim, finding that Plaintiff had the ability to perform the demands of his past work as a sanitation worker. The Appeals Council found no reason to review the decision. Plaintiff filed this judicial appeal pursuant to 42 U.S.C. § 405(g). For the reasons that follow, it is recommended that the Commissioner's decision be reversed and that the case be remanded to the agency for further proceedings.

**The ALJ's decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920

(parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003).

She found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from severe impairments (step two) in the form of non-insulin dependent diabetes mellitus, hypertension, cardiomegaly and chronic obstructive pulmonary disease. She considered some of the listings (step three) that, if met, would result in an automatic finding of disability, but concluded that Plaintiff did not meet their requirements.

The ALJ then reviewed the medical evidence and testimony to determine Plaintiff's residual functional capacity ("RFC"). She found that Plaintiff retained the RFC to perform a wide range of medium work activity, reduced by an inability to work in high concentrations of dust, fumes or other pulmonary irritants. She then determined that Plaintiff's RFC permitted him to perform the demands of one of his past relevant jobs (step four), sanitation worker. That finding terminated the analysis and resulted in a conclusion of not disabled.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issue on Appeal**

Plaintiff lists three statements of error in his brief. He urges that the ALJ (1) did not articulate sufficient reasons with respect to her credibility assessment to comply with Social Security Ruling 96-7p, (2) did not comply with the requirements of Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985) when discussing Plaintiff's mental impairment, and (3) erred in finding that Plaintiff could perform his past relevant work as a sanitation worker. The court need only discuss the third issue. There is an ambiguity in the agency's analysis that does not permit the court to determine with certainty that the decision comports with relevant legal standards.

**Analysis**

The ALJ's decision rested upon her finding that Plaintiff could perform the requirements of his past relevant work. To determine whether an applicant can perform his past relevant work, the ALJ must assess "the physical and mental demands of the work [the applicant has] done in the past." 20 C.F.R. §§ 404.1520(e) and 416.920(d). If the applicant can still do that "kind of work," the ALJ will find that the applicant is not disabled. Id. This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy. For example, the ALJ may take notice of job data in the Dictionary of Occupational Titles which reflects the requirements of various jobs as

performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61.

With respect to the lifting requirements of the sanitation worker job, the ALJ looked to Plaintiff's description of how he *actually* performed the job. Plaintiff did not describe the job in any detail during his testimony at the hearing, but he did indicate in his Work History Report that the *heaviest* weight he lifted on the job was fifty pounds. Perhaps inconsistently, he also noted, with respect to one of two sanitation jobs he held, that the most weight he lifted *frequently* was fifty pounds "or more." Tr. 94-95. The ALJ observed that, according to the Dictionary of Occupational Titles ("DOT") description of the job of a sanitation worker (955.687-022), there are no high concentrations of pulmonary irritants associated with the job. She then concluded that Plaintiff could perform the requirements of the job.

Plaintiff points out that the DOT describes the job of sanitation worker, as it is generally performed, as "very heavy" in exertional demand, which is beyond the ability described in his RFC. The Commissioner responds that, according to Social Security Ruling 82-61, it was proper for the ALJ to consider both the DOT and Plaintiff's description of his past work. Ruling 82.61 provides, as noted above, that the agency may look to whether Plaintiff has the capacity to perform the demands and duties of a job as he actually performed it *or* as the job is ordinarily required by employers throughout the national economy. The two methods are described separately, and there is no indication in the Ruling or jurisprudence cited by the Commissioner that permits the agency to find a claimant not

disabled because he can perform some aspects of the job as he actually performed it and other aspects of the job as are ordinarily required. It appears the claimant must be able to perform all requirements of the job under one or the other description.

There was no testimony at the hearing or other evidence in the record about the environmental conditions associated with how Plaintiff actually performed his job as a sanitation worker, but it is not difficult to imagine that a sanitation worker's job, as actually performed, would require a great deal of exposure to exhaust fumes from a truck or other equipment, as well as exposure to pulmonary irritants ranging from dust to diaper stench coming from the garbage that is being loaded or handled. There can be only speculation, based on the current record, as to whether Plaintiff's job actually included such exposures. If it did, his current RFC likely would not allow him to perform the job as he actually performed it. And the very heavy rating in the DOT precludes a finding, under Plaintiff's current RFC, that he can perform the job as it is ordinarily performed. The agency decision, as written, has not been demonstrated to comply with either method permitted by Social Security Ruling 82-61 for finding that a claimant can perform his past relevant work. Under these circumstances, the decision should be reversed and the case remanded for further proceedings.

**Conclusion**

On remand, Plaintiff and the agency may further explore the past work issue and any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny

issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand). Plaintiff is now represented by able counsel, who is encouraged to present the agency with the opportunity to address the other issues raised in his brief and to otherwise assert with specificity any arguments he has in favor of a finding of disability.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **REVERSED** pursuant to the fourth sentence of 42 U.S.C. § 405(g), and the case be **REMANDED** to the Social Security Administration for further proceedings.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 18 day of July, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Walter